## 72767. DOBBS v. THE STATE.
### (350 SE2d 469)

McMURRAY, Presiding Judge.

R & G Motors, a used car business in Villa Rica, Georgia, was burglarized and a vehicle was stolen from its parking lot during the weekend of March 24 and 25, 1984. Several sets of automobile keys and a notary seal were taken during the burglary.

On March 26, 1984, at approximately 7:15 in the morning, the defendant and a co-defendant, Robert Jason Clackum, were traveling on an interstate highway in Missouri when they were observed by a state highway patrol trooper "tailgating" another vehicle. The trooper began following the defendants and a high-speed chase ensued. The chase concluded with the defendants wrecking the vehicle in which they were traveling through a fence and into an open field. The defendants exited the vehicle, leaving the engine running, and fled from the state trooper. After a two-hour manhunt, which involved approximately 50 law enforcement officers, the defendant and Clackum were apprehended. The vehicle used by Clackum and the defendant was identified as the one stolen from R & G Motors. The automobile keys and the notary seal taken from the office building of R & G Motors were found in the stolen vehicle.

Clackum and the defendant were subsequently indicted in Douglas County, Georgia for burglary and motor vehicle theft. Clackum pleaded guilty to the charges and testified for the State at the defendant's trial. Clackum's testimony fully implicated the defendant in the burglary and the theft of the motor vehicle. The defendant was convicted of motor vehicle theft and burglary and was sentenced under

OCGA § 17-10-7 (b) as a fourth-time felony offender to serve 20 years as to Count 1 and 20 years as to Count 2 "without eligibility for parole pursuant to O.C.G.A. § 17-10-7." This appeal followed. *Held*:

1. The defendant contends that the trial court erred in refusing to grant his motion for a directed verdict of acquittal on the grounds that the State's case was based on the uncorroborated testimony of his co-defendant. See OCGA § 24-4-8. More specifically, the defendant argues that the evidence was not sufficient to support his conviction for burglary. This argument is without merit. Clackum's testimony was corroborated by evidence showing that the defendant fled from law enforcement officers after running from the stolen vehicle which contained items that were the object of the burglary. This evidence was sufficient to corroborate Clackum's testimony. See *Brady v. State*, 169 Ga. App. 316 (1) (312 SE2d 632). Thus, the trial court did not err in denying the defendant's motion for directed verdict of acquittal. "There was sufficient evidence from which a rational trier of fact could find [the defendant] guilty of [motor vehicle theft] and burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)." *Brady v. State*, 169 Ga. App. 316, 317 (1), supra.

2. Next, the defendant contends that he was not, in fact, a fourth offender and the trial court erred in sentencing him as a recidivist under OCGA § 17-10-7 (b). In accordance with the provisions of OCGA § 17-10-7 (b) "[a]ny person who, *after having been convicted under the laws of this state for three felonies* or having been convicted under the laws of any other state or of the United States of three crimes which, if committed within this state would be felonies, *commits a felony within this state* other than a capital felony, must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied.)

In the case sub judice, it is evident the trial court sentenced defendant as a "recidivist" under the provisions of OCGA § 17-10-7 (b) as the court ordered "that these sentences shall be served without eligibility for parole pursuant to O.C.G.A. § 17-10-7."

The convictions considered by the trial court to authorize the imposition of recidivist punishment in the case sub judice are as follows:

A. On November 17, 1980, defendant was indicted in a multi-count indictment for the offenses of "Motor Vehicle Theft" (Count 1); "Arson in the First Degree" (Count 2); "Entering an Auto" (Count 3); "Criminal Damage to Property in the Second Degree" (Count 4); and, "Criminal Trespass" (Count 5), all committed August 24, 1980. He pleaded guilty to all counts and was sentenced on February 16, 1981 (filed February 27, 1981). Under the provisions of OCGA § 17-10-7 (d)

and the holding of *Anderson v. State*, 176 Ga. App. 255 (335 SE2d 487), the plea of guilty and sentence on all of these offenses (Counts 1, 2, 3, 4 and 5) constituted one prior conviction.

B. Defendant was indicted on August 31, 1982, for the offense of "Motor Vehicle Theft" committed July 22, 1982. He pleaded guilty and sentence was imposed on September 29, 1982 (filed November 4, 1982).

C. On June 28, 1984, defendant was indicted for the offense of "Burglary" committed March 21, 1984. He pleaded guilty for the offense of "Theft by Taking" and *sentence was imposed on September 25, 1984 (filed September 25, 1984).*

In the case sub judice, the offenses ("Burglary" (Count 1) and "Motor Vehicle Theft" (Count 2)) were committed on March 24, 1984, *which was before the date of conviction* (September 25, 1984) of the offense of "Theft by Taking" set forth in sub-paragraph "C" hereinbefore. Under the provisions of OCGA §§ 17-10-7 (b) and 17-10-7 (c) defendant had been convicted of *two* felonies only before he committed the offenses in the case sub judice and the imposition of sentence under OCGA § 17-10-7 (b) was not authorized. Consequently, the sentence imposed by the trial court must be set aside and the case remanded for resentencing.

3. The issues raised in the defendant's remaining enumeration of error are moot in light of our holding in Division 2 of this opinion.

*Judgment affirmed as to conviction; reversed as to sentence. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 12, 1986 —
REHEARING DENIED OCTOBER 31, 1986.

David Dobbs, *pro se.*
*Jennifer McLeod*, for appellant.
*Frank C. Winn, District Attorney*, for appellee.