## 75711. GARY v. THE STATE.
### (366 SE2d 833)

McMurray, Presiding Judge.

Defendant appeals his conviction for theft by shoplifting after being sentenced as a recidivist under the authority of OCGA § 16-8-14 (b) (1) (C). *Held*:

In his sole enumeration of error, defendant contends the trial court erred in dismissing the jury after a verdict had been rendered and making a determination without the intervention of a jury as to the recidivist counts of the indictment. This contention is without merit.

In cases such as the one sub judice, "the trial court alone determines the punishment to be imposed. See OCGA § 17-10-2 (Code Ann. § 27-2503). Since recidivism is an issue only in the sentencing phase of a trial (see *Parrish v. State*, 160 Ga. App. 601 (7) (287 SE2d 603) (1981)), it follows that defendant had no right to a *jury* determination of this issue. See *Jackson v. State*, 158 Ga. App. 702 (6) (282 SE2d 181) (1981)." *LaPalme v. State*, 169 Ga. App. 540, 541 (4) (313 SE2d 729).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

### DECIDED MARCH 4, 1988.

*Timothy W. Floyd, Sara F. Miller, Donald T. Wells, Jr.*, for appellant.

*Harry N. Gordon, District Attorney, Gerald W. Brown, Assistant District Attorney*, for appellee.