A90A2307. THE STATE v. FREEMAN.
(402 SE2d 529)

BIRDSONG, Presiding Judge.

The State of Georgia appeals the sentence imposed upon Jonathon Russell Freeman. Freeman (hereinafter defendant) was indicted for malice murder and felony murder in Count 1 and for possession of a firearm by a convicted felon in Count 2. Although the grand jury apparently did not return an indictment with a separate recidivist count, the second count averred that defendant had been convicted previously in the same court and on the same day of certain felony offenses, to-wit: in criminal case no. 82-167 of one count of entering an automobile and of two counts of burglary, and in criminal case no. 82-168 of one count of entering an automobile. Appellant was found not guilty of malice murder and felony murder, but guilty of

voluntary manslaughter and possession of a firearm by a convicted felon.

The trial court, over protestation by the State, sentenced appellant on the manslaughter count to five years and upon the service of two years confinement, the remaining three years to be served on probation, and on the possession of a firearm count to two years confinement to run concurrently with the confinement adjudged for the manslaughter count.

The State asserts the sentence is void as it erroneously fails to provide for a 20-year sentence of the recidivist defendant, pursuant to OCGA § 17-10-7 operating in conjunction with OCGA § 16-5-2. *Held*:

1. OCGA § 16-5-2 (b) provides the punishment for voluntary manslaughter "shall be . . . imprisonment for not less than one nor more than 20 years." OCGA § 17-10-7 (a) provides pertinently that "[a]ny person convicted of a felony offense in this state . . . which . . . would be a felony and sentence to confinement in a penal institution, who shall afterwards commit a felony punishable by confinement in a penal institution, *shall* be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted, provided that, unless otherwise provided by law, the trial judge may, in his discretion, probate or suspend the maximum sentence prescribed for the offense." (Emphasis supplied.) Thus, if OCGA § 17-10-7 is operative in this case the trial court would be required to impose the maximum sentence upon the defendant legislatively prescribed for voluntary manslaughter, and only then could it exercise its discretionary power to probate or suspend the maximum sentence imposed.

2. In *McCoy v. State*, 168 Ga. App. 598, 599 (310 SE2d 2), this court considered an appeal from a defendant's conviction of armed robbery, kidnapping and possession of a firearm by a convicted felon. The defendant contended on appeal the trial court improperly sentenced him as a recidivist because it considered convictions not final. We affirmed judgment and denied motion for rehearing holding, "the [S]tate also established without objection that the defendant had been convicted and sentenced to confinement for a 1977 robbery, and this fact was properly alleged in the indictment. Thus, the trial court was both authorized and required to sentence the defendant as a second offender pursuant to OCGA § 17-10-7 (Code Ann. § 27-2511)." However, the reported facts do not reflect whether the 1977 robbery averment was contained within a recidivist count in the indictment or solely within the count for possession of a firearm by a convicted felon.

Subsequently, in *King v. State*, 169 Ga. App. 444 (313 SE2d 144), this court considered the "first impression issue" of whether the State can use the prior felony conviction required to convict a convicted

felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for that offense under the repeat offender statute, OCGA § 17-10-7. The *King* court persuasively concluded "the General Assembly did not intend that the allegation and evidence of a prior felony conviction, necessary for conviction under OCGA § 16-11-131 (Code Ann. § 26-2914), could also be used to punish a defendant as a repeat offender under OCGA § 17-10-7 (a) (Code Ann. § 27-2511); and did intend that the punishment provisions established for the offense be the only standard applied in sentencing." Id. at 445. Accordingly if, within the meaning of *King*, proof was necessary of each of the averments of prior felony offenses found in the count of possession of firearm by a convicted felon for defendant's conviction under OCGA § 16-11-131, that same evidence could not be utilized to support defendant's enhanced punishment as a repeat offender under OCGA § 17-10-7. *King*, supra.

The State elected to aver in the possession of firearm by felon count each of defendant's prior felony offenses; moreover, in view of the consolidation for trial of the two previous indictments, defendant is deemed to have only *one* prior conviction for purposes of OCGA § 17-10-7. OCGA § 17-10-7 (c); see generally *Queen v. State*, 182 Ga. App. 794 (1) (357 SE2d 150); *Dobbs v. State*, 180 Ga. App. 714 (2) (A) (350 SE2d 469). "Although listing a defendant's entire record on the [face] of an indictment has been discouraged, [cit.], the [S]tate is not limited to alleging and *proving* only one prior felony conviction when proof of a felony conviction is an element of the crime charged." (Emphasis supplied.) *Favors v. State*, 182 Ga. App. 179 (2) (355 SE2d 109); *Head v. State*, 170 Ga. App. 324, 326 (3) (316 SE2d 791), rev'd on other grounds, 253 Ga. 429 (322 SE2d 228). However, if the State elects to aver in a possession of firearm by felon count that the defendant has been convicted of more than one prior felony offense, such averment is descriptive of the manner in which the offense was committed and, as such, the State must make an honest attempt to prove the offense "as laid" (see generally *Ross v. State*, 195 Ga. App. 624 (1) (b) (394 SE2d 418) and cases therein cited); any other holding would permit the State to list all of an offender's prior offenses without any intent to prove each of the averments and merely to enflame the jury. Accordingly, once the State elects to aver, either in whole or in part, the defendant's criminal conviction record, proof of such averments becomes *necessary* within the meaning of *King*, supra, and these averred offenses subsequently cannot be considered for punishment enhancement under OCGA § 17-10-7. Thus, it behooves the State to make a careful determination at the onset whether to aver all of defendant's prior criminal convictions in the possession of firearm by felon count and thus be able to introduce evidence of all those

offenses in its case-in-chief, or whether to withhold for sentencing purposes some of the averments for use in a separate recidivist count or notice and thus to forego usually its ability to introduce that particular evidence of prior convictions before the jury in a non-capital case.

3. As reflected above, the indictment returned against defendant by the grand jury did not contain a recidivist count. In *Riggins v. Stynchombe*, 231 Ga. 589, 592-593 (203 SE2d 208), the Supreme Court concluded that under the two-step sentencing procedure then in effect, "one must be indicted as a recidivist in order to impose recidivist punishment. . . ." Id. at 593; see e.g., *Aldridge v. State*, 158 Ga. App. 719, 721 (4) (282 SE2d 189); *Brown v. State*, 144 Ga. App. 509, 510 (2) (241 SE2d 621); see *Harris v. State*, 40 Ga. App. 228 (149 SE 153). However, in *State v. Hendrixson*, 251 Ga. 853 (310 SE2d 526), the Supreme Court, after noting "*Riggins* arose during the short life of a two-step felony sentencing procedure," concluded that "[b]ecause *Riggins* stands for the proposition that it is error to disclose to the jury prior convictions before a determination of guilt, [cit.] the *only purpose* for their inclusion in the indictment is to give the accused unmistakable advance warning that the prior convictions will be used against him at sentencing." (Emphasis supplied.) Id. at 854. The court then stressed that OCGA § 17-10-2 (a), since the 1974 Act, contains an express curative proviso "different from inclusion of prior offenses within an indictment," which broadly provides "that only such evidence in aggravation as the [S]tate has made known to the defendant prior to his trial shall be admissible" at the presentencing hearing. (Emphasis deleted.) Id. at 854-855. Thus, *Hendrixson*, supra, correctly placed substance over form by holding that the important requirement was that the defendant be given an "unmistakable advance warning that the prior convictions will be used against him at sentencing" (Id. at 854; accord *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487)), so that he will have "enough time to rebut or explain any conviction record" (*Queen v. State*, 131 Ga. App. 370, 374 (4) (205 SE2d 921)). As "the only purpose for inclusion of prior offenses in an indictment" is to give this warning (*Anderson*, supra at 256), it is readily apparent that such affirmative notice can be given by other acceptable means, and there no longer exists an absolute necessity to allege prior offenses in an indictment. *Anderson*, supra. The validity of this conclusion is supported by the fact that in cases such as this a "defendant had no right to a *jury* determination of [the recidivist] issue," because "recidivism is an issue only in the sentencing phase of a trial." *Gary v. State*, 186 Ga. App. 231 (366 SE2d 833); *LaPalme v. State*, 169 Ga. App. 540 (313 SE2d 729).

In this case, however, not only was there no recidivist charge contained in the indictment, the record does not contain any other *af-*

*firmative* notice to defendant that his prior felony offenses would be used against him for *recidivist purposes* during sentencing. It is well-established that "[t]here is a presumption that sentence was correctly imposed" (see, e.g., *Jones v. State*, 233 Ga. 662, 663 (3) (212 SE2d 832)), and the burden of showing that a sentence was not correctly imposed is with the party who asserts its impropriety (see *Jones*, supra at 663 (3)).

Examining the record in its entirety, including the lack therein of either a recidivist count in the indictment or other timely affirmative notice of use of a prior felony conviction for *recidivist* purposes, we find that appellant has failed to overcome the presumption that the trial court properly imposed punishment upon the defendant.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1991.

*Michael H. Crawford, District Attorney*, for appellant.
*Thompson, Fox, Chandler & Homans, David A. Fox*, for appellee.