## A94A1505. CAVER v. THE STATE.
(452 SE2d 515)

RUFFIN, Judge.

Appellant, Anthony Caver, was charged with shoplifting and possession of a firearm by a convicted felon, stemming from an incident in which he was stopped from exiting a department store with a shopping cart full of power tools. His trial was bifurcated to prosecute the shoplifting charge first, and when the jury convicted him of that offense, the State nolle prossed the possession of a firearm charge. The trial court subsequently sentenced appellant to ten years' imprisonment as a recidivist under OCGA § 17-10-7 (b), and this appeal followed.

1. Because appellant was intoxicated at the time of his arrest, he was placed in a holding cell to sober up before being fingerprinted and processed. About two hours later, he told the arresting officer about a blue pickup truck bearing Alabama tags that he had parked at the store. The truck was impounded, and during an impound search of the vehicle, officers found articles of clothing still bearing the store's tags and a loaded semi-automatic handgun.

Appellant contends that the trial court erred in allowing the arresting officer to testify about discovering the handgun in the pickup truck, on the grounds that it impermissibly placed his character in issue and lack of relevance. We disagree.

" 'All circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth.' [Cit.] The fact that the evidence 'may have incidentally intimated appellant's participation in another crime does not render such (evidence) inadmissible.' [Cit.]" *Ashley v. State,* 160 Ga. App. 325 (2) (287 SE2d 321) (1981); *Grimes v. State,* 168 Ga. App. 372, 375 (3) (308 SE2d 863) (1983).

2. Appellant subpoenaed the owner of the pickup truck (and the

handgun found therein) to appear as a witness on October 25, 1993, and that individual appeared on that day. However, appellant did not call him to testify until October 26, 1993, and the witness no longer was present. Appellant then moved for a continuance, which was denied by the trial court.

Under OCGA § 17-8-25, before a continuance based upon the absence of a witness may be granted, the movant must show that the witness is absent; that he has been subpoenaed; that he resides within 100 miles of the place of trial; that his testimony is material; that the witness is not absent by permission of the movant; that the witness's testimony can be procured by the next term of court; that the motion is not made for the purpose of delay; and must state the facts expected to be proved by the absent witness. "Each of the requirements set forth in OCGA § 17-8-25 must be met before an appellate court may review the exercise of the trial court's discretion in denying a motion for continuance based upon the absence of a witness. [Cit.]" *Garrett v. State*, 202 Ga. App. 463 (414 SE2d 693) (1992).

In the instant case, the witness was not subpoenaed to appear on the day he was absent; his testimony concerned the ownership of the truck and handgun, which was immaterial to the shoplifting charge for which appellant was convicted; and appellant could not show that the witness's presence could be procured by the next term of court. In these circumstances, this court is unable to find that the trial court abused its discretion in denying appellant's motion for continuance. Id.

3. When appellant was confronted as he attempted to exit the store, he claimed to have paid for the items in the shopping cart but was unable to produce a sales receipt. During its case-in-chief, the State attempted to call as a witness a sales clerk on duty on the day in question. However, the trial court disallowed that testimony because the State had not included the witness on the witness list provided to appellant as required by OCGA § 17-7-110.

Subsequently, appellant testified that when he was stopped from exiting the store, he insisted that he had paid for the goods and pointed in the general direction of the sales clerk whom he paid for the merchandise, but he denied specifying a particular clerk. On rebuttal, the trial court allowed the State to call the sales clerk whose testimony previously had been excluded, and this witness indicated that appellant had specifically identified her as the clerk who made the sale.

Appellant contends that the trial court thus erred in allowing the State to do indirectly what it could not do directly. However, "it is well settled that calling an unlisted witness in rebuttal is not error and does not violate OCGA § 17-7-110." (Citations and punctuation omitted.) *Snider v. State*, 200 Ga. App. 12, 15 (7) (406 SE2d 542)

(1991).

4. Where the State proves a defendant's prior felony convictions for the purpose of convicting him of being a convicted felon in possession of a firearm, it may not also use those prior convictions in aggravation of punishment. *State v. Freeman*, 198 Ga. App. 553, 555 (2) (402 SE2d 529) (1991). In the instant case, when the jury convicted appellant on the shoplifting charge, the State chose to abort the prosecution of the convicted felon in possession of a firearm charge, so that it would not be barred from using appellant's previous felony convictions in aggravation of punishment. Pursuant to OCGA § 17-10-2 (a), the State properly gave pretrial notice of its intended use of appellant's prior convictions for that purpose, and the procedural maneuver employed by the State was consistent with the restriction set forth in *Freeman*.

5. During the sentencing hearing, the State adduced three prior felony convictions of appellant from the State of Alabama. Appellant now contends that the trial court erred in failing to make a thorough inquiry as to whether those prior convictions really were for felony offenses. However, during the sentencing hearing, although counsel for appellant objected to the consideration of the prior convictions on other grounds, he conceded that appellant "does have a number of three prior felony convictions [sic], no question about it." Accordingly, this court will not consider this issue raised for the first time on appeal. *Moore v. State*, 181 Ga. App. 548, 549 (2) (352 SE2d 821) (1987).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 12, 1994 —
RECONSIDERATION DENIED DECEMBER 19, 1994 — ▄▄▄▄▄▄▄▄

*Richard D. Hobbs*, for appellant.

*Robert E. Keller, District Attorney, Gina C. Naugle, Assistant District Attorney*, for appellee.