## A96A0944. THOMAS v. THE STATE.
(473 SE2d 251)

BLACKBURN, Judge.

Archie Thomas appeals his convictions of possession of cocaine, possession of less than one ounce of marijuana, and two counts of selling cocaine.

1. In his first enumeration of error, Thomas contends the trial court erred in allowing two witnesses to testify during the State's rebuttal who were not listed on the State's witness list prior to trial. "However, 'it is well settled that calling an unlisted witness in rebuttal is not error and does not violate OCGA § 17-7-110.' (Citations and punctuation omitted.) *Snider v. State*, 200 Ga. App. 12, 15 (7) (406 SE2d 542) (1991)." *Caver v. State*, 215 Ga. App. 711, 712-713 (452 SE2d 515) (1994). In *Caver*, we faced a situation similar to the present case in which it was apparent that the State was aware of the witness prior to trial but did not put the witness on the witness list provided to the defendant. Despite the State's prior knowledge of the witness and lack of notification to the defendant, we allowed the State to use the witness during its rebuttal. Id. We are bound by this precedent; therefore, the trial court did not err in allowing the witnesses to testify during the State's rebuttal.

2. In his second enumeration of error, Thomas contends the trial court erred by allowing transcripts of audiotapes to be published and distributed to the jury. Thomas asserts that the transcripts contained non-qualified testimonial evidence in that the speakers' names were identified on the transcripts but were not identified on the audiotape.

Nelson Paulk, a drug investigator with the Irwin County Sheriff's Department, testified that the transcripts contained additions to identify the participants to the recorded conversation and that he himself had made the identification. Paulk further testified that he was familiar with the voices of the two individuals on the audiotape and that he based his identification of their voices on his personal recollection. Paulk testified that he had heard Thomas' voice on previous occasions and that he had known the informant for approximately 20 years.

"Although voice identification testimony is generally considered to be direct evidence, Georgia courts have construed such testimony to be opinion evidence, which, of course, is inadmissible unless the witness discloses the basis for his opinion. We also note that a wit-

ness may identify a defendant by voice recognition even though his knowledge of the accused's voice was acquired after the event to which the witness testified. And the probative value to be accorded such evidence is a matter for the jury's determination." (Citations and punctuation omitted.) *Shepherd v. State*, 173 Ga. App. 499, 500-501 (326 SE2d 596) (1985). Based on Paulk's testimony regarding his identification of the voices, Thomas' objection addressed itself to the weight accorded the evidence and not its admissibility.[1] Therefore, we find that this enumeration of error is without merit.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 8, 1996.

*Benjamin Gratz, Jr.*, for appellant.
*C. Paul Bowden, District Attorney, Holli G. Martin, Assistant District Attorney*, for appellee.

---

[1] It is noted that the transcripts of the audiotapes were used only while the tapes were played for the jury, were not admitted into evidence, and did not go with the jury during its deliberations.