## A07A2306. THOMPSON v. THE STATE.

(670 SE2d 226)

BARNES, Chief Judge.

Ralph Thompson appeals the trial court's denial of his motion to vacate a void sentence.[1] This appeal follows this court's earlier affirmance of Thompson's convictions in his initial appeal. See *Thompson v. State*, 237 Ga. App. 466 (517 SE2d 339) (1999). In this appeal, Thompson contends the trial court erred by denying his motion to vacate a void sentence because the trial court improperly sentenced him as a recidivist under OCGA § 17-10-7 (c). He contends the State could not prove three valid prior convictions which would authorize punishment under OCGA § 17-10-7 (c).[2]

The denial of a motion to correct a void sentence is directly appealable, *Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999), and "[a] sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991).

The facts underlying Thompson's convictions are fully set out in *Thompson v. State*, supra, 237 Ga. App. at 466-467. He was convicted of two counts of armed robbery, one count of aggravated assault, and one count of possession of a firearm during the commission of a felony. For the armed robberies, he was given a mandatory sentence of life imprisonment as a recidivist in accordance with OCGA § 17-10-7 (c). Id. at 466. Thompson was also charged with possession of a firearm by a convicted felon, but the trial court directed a verdict of not guilty on this charge because the State failed to prove that Thompson was a convicted felon.

1. Thompson first alleges that the State improperly reused one previous conviction to enhance his punishment because it was "used up" when the State offered it to establish an element of the firearm possession by a convicted felon charge that resulted in a directed verdict. Thompson correctly asserts that this court has held that when "the State proves a defendant's prior felony convictions for the purpose of convicting him of being a convicted felon in possession of

---

[1] When the present appeal was before the court initially, it was dismissed, but the Supreme Court of Georgia granted certiorari, and remanded the case to this court to consider Thompson's appeal on the merits.

[2] Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

a firearm, it may not also use those prior convictions in aggravation of punishment." (Citation omitted.) *Caver v. State*, 215 Ga. App. 711, 713 (4) (452 SE2d 515) (1994).

> And this Court has previously determined that the legislature did not intend that the allegation and evidence of a prior felony necessary for a conviction of possession of a firearm by a convicted felon could also be used to punish the defendant as a repeat offender under OCGA § 17-10-7. *King v. State*, 169 Ga. App. 444, 445 (313 SE2d 144) (1984). Thus, the state must elect whether it intends to use such evidence to support a conviction for possession of a firearm by a convicted felon or for recidivist sentencing. See *Caver v. State*, 215 Ga. App. at 713 (4); *State v. Freeman*, 198 Ga. App. 553, 555-556 (2) (402 SE2d 529) (1991).

*Allen v. State*, 268 Ga. App. 519, 534 (6) (602 SE2d 250) (2004).

This rule is not implicated in this appeal, however, because the State did not "use up" evidence of his prior felony conviction to establish the firearms charge. Instead, for whatever reason, the prosecutor only offered evidence during this trial of Thompson's previous felony *indictment* and not evidence of his previous felony *conviction*. That is why the trial court granted Thompson a directed verdict on the charge of firearms possession by a convicted felon. In that regard, this case is similar to *Caver v. State*, supra, 215 Ga. App. at 713 (4), in which the State first charged Caver with shoplifting and possession of a firearm by a convicted felon by reason of one prior felony conviction. Then, after Caver was convicted of shoplifting, the State nolle prossed the charge of firearm possession and used the prior felony conviction that was to be the predicate conviction for that charge to enhance Caver's punishment as a recidivist. This court affirmed, finding the State's procedural maneuver avoided the obstacles to imposition of recidivist sentencing. Id.

Although this appeal differs from *Caver* in that the trial court directed a verdict on the firearms charge rather than the State nolle-prossing it, we find no reason for the result to differ. Here, like *Caver*, the evidence of Thompson's earlier felony *conviction* was not introduced in evidence before it was used to enhance Thompson's punishment. As explained by our Supreme Court in *Walker v. Hale*, 283 Ga. 131, 132 (1) (657 SE2d 227) (2008),

> *King* and its progeny stand for the *limited proposition that the felony used to convict a defendant of possession of a firearm by a convicted felon* cannot also be used to enhance the defendant's punishment as a repeat offender under

> OCGA § 17-10-7 (a). See *Morgan v. State*, 277 Ga. App. 670, 672-673 (627 SE2d 413) (2006) (prior conviction may be used both in guilt-innocence phase as evidence of similar transaction and to enhance punishment under recidivist statute); *Carswell v. State*, 263 Ga. App. 833 (589 SE2d 605) (2003) (court may use prior conviction as impeachment evidence during guilt-innocence phase and to support sentencing defendant as a recidivist).

(Emphasis supplied.) Id. (conviction for felony murder based on firearm possession by convicted felon was vacated by operation of law and no conviction on that charge was entered; prior conviction supporting underlying firearms possession charge could be used to enhance punishment). "Accordingly, unlike in *King*, the trial court did not use the prior felony conviction both to support a conviction on the [firearm] possession charge and to enhance [the defendant's] sentence." Id. at 133 (1).[3] As the same is true in Thompson's case, the trial court did not err by considering that conviction in imposing punishment under OCGA § 17-10-7 (c), and by denying Thompson's motion to vacate the sentence.

2. Next, Thompson contends the State gave him defective notice that a prior conviction for criminal damage to property would be used to enhance his sentence[4] because the indictment number of the prior conviction recited in the current recidivist count and notice was his co-defendant's, not his. But Thompson received notice, albeit imperfect, that his conviction would be used against him, and the transcript of the sentencing hearing shows that Thompson neither objected to the trial court considering this prior conviction, nor contended that he was surprised or confused by the error on the notice. Under these circumstances, Thompson waived any objection he might have had to the trial court considering these convictions in aggravation of his punishment. *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994); *Turner v. State*, 259 Ga. App. 902, 903 (1) (578 SE2d 570) (2003).

---

[3] We note also that in *Walker v. Hale* our Supreme Court stated that it had not been called upon to consider the validity of the rule announced in *King* and found it unnecessary to do so to decide *Walker v. Hale*. Id. at 132. We do not speculate on whether this comment portends disapproval of the *King* rule when or if the Supreme Court considers the issue in the future.

[4] Although Thompson's first appeal included an issue about improper notice being given, that allegation concerned a variance between the allegations of the indictment and proof at the sentencing hearing because the indictment did not include an allegation that Thompson had been convicted of possession of a controlled substance with intent to distribute. This court rejected that argument, finding that "it is not required that the prior convictions be included in the indictment but only that the accused receive notice of the state's intention to seek recidivist punishment and of the identity of the prior convictions." (Citations and punctuation omitted.) *Thompson v. State*, supra, 237 Ga. App. at 470 (5).

3. Thompson further contends the trial court erred by considering what he terms "constitutionally infirm" prior convictions. By this he means that the State did not prove that he properly waived his rights before pleading guilty as required by *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969).

Thompson argues that the State had the burden of producing evidence that he waived his rights when he pled guilty because he was convicted and sentenced before our Supreme Court, in *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999), placed the burden of producing evidence on recidivism defendants when they challenge the validity of a prior guilty plea under *Boykin v. Alabama*, supra. Thus, he asserts, this appeal is governed by the Supreme Court's earlier decision in *Pope v. State*, 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986), which placed that burden on the State. Thompson contends that *Pope* required the State to prove compliance with *Boykin* before his convictions based upon guilty pleas could be considered in aggravation. This is a misreading of *Pope*. What *Pope* held was that "*once the defendant raises the issue* of intelligent and voluntary waiver with respect to prior guilty pleas, the burden is on the state to establish a valid waiver." (Emphasis supplied.) 256 Ga. at 209-210 (17). In this case, the transcript of the sentencing hearing shows that Thompson never raised any *Boykin* issue about these pleas, and the State introduced prior guilty pleas showing that Thompson was represented by counsel when he pled guilty. Consequently, the State met its initial burden, *Brown v. State*, 244 Ga. App. 544, 544-545 (536 SE2d 253) (2000), and because Thompson did not raise this issue in any manner during his sentencing, the State had no burden to establish a valid waiver sufficient to satisfy *Boykin*.

4. Thompson again alleges that two of his prior convictions only should have been counted as one conviction, see OCGA § 17-10-7 (d),[5] and he acknowledges that this issue was decided against him in his earlier appeal. *Thompson v. State*, supra, 237 Ga. App. at 470-471 (6). He contends that he now has new, different arguments to present. Thompson, however,

is not entitled to another bite at the apple by way of a second appeal. See generally *South Georgia Medical Center v. Washington*, 269 Ga. 366, 367 (1) (497 SE2d 793) (1998) (an appellate ruling in a case is binding in all subsequent

---

[5] "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

proceedings); *Llewellyn v. State*, 252 Ga. 426 (2) (314 SE2d 227) (1984) (litigation must come to an end).

*Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001). "The fact that [Thompson's] current claim of error differs from those raised previously 'does not alter the binding effect of our previous opinion[ ]. In the absence of a change in the evidence or the law,' " Thompson cannot argue this point again. *Miller v. State*, 264 Ga. App. 801, 804 (c) (592 SE2d 450) (2003).

Therefore, the trial court did not err by denying Thompson's motion to vacate a void sentence.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED NOVEMBER 21, 2008 — ▇▇▇▇▇▇▇

*Jackson & Schiavone, George T. Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.