A11A0221. MIKELL v. THE STATE.
(710 SE2d 824)

PHIPPS, Presiding Judge.

On January 22, 2004, Kenneth Mikell, Sr., was convicted of one count of enticing a child for indecent purposes and three counts of child molestation, and he was sentenced as a recidivist under OCGA

---

§ 17-10-7 (c). On May 29, 2009, he filed a motion to correct what he claimed was a void sentence. The court denied the motion, and Mikell appeals pro se.

A sentence is void if the court imposes punishment the law does not allow.[1] The court sentenced Mikell to 20 years imprisonment for enticing a child for indecent purposes, which is within the statutory range for that offense.[2] The court also sentenced Mikell to life imprisonment for each of the child molestation convictions (to run concurrently with each other and with the sentence for enticement), and ruled that he be subject to recidivist punishment under OCGA § 17-10-7 (c). Pursuant to that Code section, a

> person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Moreover, a person may be sentenced to life imprisonment upon a second or subsequent conviction for child molestation, provided that the state gives notice of its intent to seek a life sentence.[3]

The state presented evidence that Mikell had several prior felony convictions in South Carolina, including a conviction for a violation of S. C. Code Ann. § 16-15-140, which prohibits a person over the age of 14 from wilfully and lewdly committing or attempting to commit a lewd or lascivious act upon or with the body of a child under the age of 16, with the intent of arousing, appealing, or gratifying the lust, passions, or sexual desires of the person or of the child.[4] Prior to trial, the state filed notice that it would seek a sentence of life imprisonment based upon Mikell's conviction for violating S. C. Code Ann. § 16-15-140.

Mikell asserts that his sentence for the child molestation convictions was void because the law did not allow the court to impose

---

[1] See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010).

[2] See OCGA § 16-6-5 (b).

[3] See OCGA § 16-6-4 (b) (1).

[4] See generally *State v. Hardee*, 308 SE2d 521, 524 (S. C. 1983) (S. C. Code Ann. § 16-15-140 describes offense of child molestation).

recidivist punishment upon him,[5] in that the court improperly based the sentence upon prior convictions obtained through guilty pleas. He contends he did not voluntarily enter any of the pleas and that he was not represented by counsel as to some of the pleas. "In recidivist sentencing, the [s]tate bears the burden of showing both the existence of the prior guilty pleas and that the defendant was represented by counsel when he entered the pleas."[6] Once the state meets this burden, "a 'presumption of regularity' attaches to the plea proceedings and the burden shifts to the defendant to show any alleged irregularities."[7]

Regarding at least three of Mikell's prior convictions (including the conviction for violating S. C. Code Ann. § 16-15-140), the state introduced certified copies of the convictions which reflected that Mikell had pled guilty thereto and had been represented by counsel.[8] At that point, the burden shifted to Mikell to prove that the pleas were not voluntary.[9] Mikell, however, did not present any evidence on this point. Although he cites *Postell v. State*[10] for the proposition that the state, rather than he, was required to show that the pleas were voluntary, our decision in *Postell* was based on the Supreme Court of Georgia's opinion in *Pope v. State*.[11] The Court subsequently overruled *Pope* on the issue of the allocation of burdens of proof regarding the voluntariness of pleas in non-death penalty cases.[12]

Because Mikell did not demonstrate that the three requisite guilty pleas were involuntary, the trial court was entitled to rely on the convictions resulting from those pleas to sentence him as a recidivist.[13] Accordingly, the law allowed the sentence that Mikell received, and the court did not err in denying his motion to correct a void sentence.[14]

---

[5] See generally *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010) (including among examples of challenges to void sentences a challenge to recidivist treatment).

[6] *Beck v. State*, 283 Ga. 352, 353 (2) (658 SE2d 577) (2008), citing *Nash v. State*, 271 Ga. 281, 285 (519 SE2d 893) (1999).

[7] *Beck*, supra at 354 (2), citing *Nash*, supra.

[8] The state also introduced evidence of other convictions to which Mikell had pled, but after defense counsel objected on the ground that it was not clear that Mikell had been represented by counsel when he entered those pleas, the court declined to admit this evidence.

[9] *Beck*, supra.

[10] 233 Ga. App. 800 (505 SE2d 782) (1998).

[11] 256 Ga. 195, 209-210 (17) (345 SE2d 831) (1986); see *Postell*, supra at 802 (3).

[12] See *Nash*, supra at 283-284.

[13] *Beck*, supra; see *Rucker v. State*, 304 Ga. App. 184, 188 (2) (b) (ii) (695 SE2d 711) (2010) (absent an affirmative showing that the defendant's plea was not voluntary, a trial court is entitled to rely on the presumption of regularity with regard to the plea process).

[14] See *Thompson v. State*, 294 Ga. App. 768, 770 (1) (670 SE2d 226) (2008) (where law allowed use of prior conviction to impose recidivist punishment, trial court did not err in denying motion to vacate void sentence on this ground).

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

DECIDED MAY 17, 2011 — 

Kenneth W. Mikell, Sr., *pro se.*
*Larry Chisolm, District Attorney, Emily C. Thomas, Assistant District Attorney*, for appellee.