**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 9, 2012**

# In the Court of Appeals of Georgia

A12A0759. BARBER v. THE STATE.

BLACKWELL, Judge.

Vincent Cordero Barber was tried by a DeKalb County jury and convicted of rape,[1] statutory rape,[2] and child molestation.[3] The court below concluded that Barber was subject to the sentencing provisions of OCGA § 17-10-7 (c), and pursuant to those provisions, the court sentenced Barber to imprisonment for life without parole for the rape, as well as imprisonment for concurrent terms of twenty years without parole for the statutory rape and child molestation. Barber appeals, contending that he is not properly subject to the sentencing provisions of OCGA § 17-10-7 (c), and

---

[1] OCGA § 16-6-1 (a) (1).

[2] OCGA § 16-6-3.

[3] OCGA § 16-6-4 (a) (1).

with that contention, we agree.[4] Accordingly, we vacate his sentence and remand for resentencing.

_____

[4] Barber also complains about the refusal of the court below to accept two plea bargains that he struck with the prosecuting attorney, bargains that contemplated the dismissal of the rape charge, a guilty plea to a charge less serious than rape, and a partially probated sentence of ten years; about the failure of his lawyer to object to the grounds on which the court refused to accept these plea bargains; and about the failure of his lawyer to object at trial to certain testimony that, Barber says, is hearsay. These claims of error lack merit and do not warrant much discussion. About the plea bargains, the record shows that, when the trial judge refused to accept them, she expressed a number of concerns, including that Barber had negotiated pleas in *two* prior prosecutions in which rape charges against him were dismissed, that she had not yet heard the evidence in this case, her worry that she had not been given full and accurate information about Barber and his criminal history, that she felt like she was being "railroaded into a plea" by the lawyers, that the case only recently had been reindicted to charge rape, and her doubts about the assessment given by the prosecuting attorney of the weaknesses of his case and, therefore, the reasons for his plea offers to Barber. A trial judge has wide discretion to accept or reject a negotiated plea, *Parker v. State*, 211 Ga. App. 187, 188 (438 SE2d 664) (1993) (en banc), and the concerns expressed by the trial judge here were reasonable ones. The trial judge did not abuse her discretion in rejecting the plea bargain, and any objection to her grounds for doing so would have been futile. With respect to hearsay, Barber complains that a counselor testified about statements made by the mother of the victim, and he complains that the mother testified about statements made by the victim. But both the victim and her mother testified at trial and were subject to unrestricted cross-examination, such that their out-of-court statements were not hearsay, *Anderson v. State*, 311 Ga. App. 732, 739 (2) (d) (716 SE2d 813) (2011), and any objection would have been futile. Accordingly, we affirm the convictions below.

2

According to OCGA § 17-10-7 (c), when someone commits a felony, having already been convicted of three earlier felonies, he must serve the sentence imposed upon his conviction for the fourth or subsequent felony without parole:

[A]ny person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

OCGA § 17-10-7 (c). In this case, Barber was convicted of rape, statutory rape, and child molestation, all crimes that he committed, according to the indictment, in or around June 2007. The record shows that, prior to June 2007, Barber had been twice convicted of felonies, once in 2001 for felony assault and receiving stolen property in Ohio, and once in 2002 for impersonating a police officer in DeKalb County. The record also shows that, after June 2007, but before his conviction in this case, Barber had been convicted of a third felony, forgery. Based on these three felonies, the court below concluded that OCGA § 17-10-7 (c) applied.

3

Barber argues, however, that the third prior felony conviction does not count for the purposes of OCGA § 17-10-7 (c), inasmuch as that conviction was entered only after he committed the crimes of which he was convicted in this case. We agree. As we have explained before, "[w]hen we consider the meaning of a statute, we must always presume that the General Assembly means what it says and says what it means," *Strength v. Lovett*, 311 Ga. App. 35, 43 (2) (a) (714 SE2d 723) (2011) (citations and punctuation omitted), and an unambiguous statute must be afforded its plain meaning. See *Northeast Atlanta Bonding Co. v. State*, 308 Ga. App. 573, 577-578 (1) (707 SE2d 921) (2011). The terms of OCGA § 17-10-7 (c) are clear and unambiguous, and they plainly forbid parole only when a defendant, "after having been convicted" of three felonies, "commits [another] felony."[5] See *Dobbs v. State*, 180 Ga. App. 714, 715-716 (2) (350 SE2d 469) (1986).[6] Accordingly, the record fails

---

[5] Our understanding of OCGA § 17-10-7 (c) is consistent with the principle that "[c]riminal statutes are construed strictly against the State, they must be read according to the natural and obvious import of their language, and their operation should not be limited or extended by application of subtle and forced interpretations." *Perkins v. State*, 277 Ga. 323, 325-326 (2) (588 SE2d 719) (2003) (citations and punctuation omitted).

[6] The State says that the third prior felony counts for purposes of OCGA § 17-10-7 (c) because Barber *committed* that felony before he committed the crimes of which he was convicted in this case, even if he was only *convicted* of that third felony afterwards. In support of this argument, the State points to *Covington v. State*

to show a basis for applying the sentencing provisions of OCGA § 17-10-7 (c) in this case, the sentence imposed by the trial court must be set aside, and the case remanded to the court below for resentencing.

*Convictions affirmed, sentence vacated, and case remanded for resentencing. Mikell, P.J., and Miller, J., concur.*

---

("*Covington I*"), 226 Ga. App. 484 (486 SE2d 706) (1997), where we said that "[i]t is not the date of the conviction which determines the applicability of OCGA § 17-10-7, but the date of the commission of the offense." Id. at 486 (6) (citation and punctuation omitted). But in *Covington I,* we were addressing OCGA § 17-10-7 (a), see *Covington v. State* ("*Covington II*"), 231 Ga. App. 851, 852 (501 SE2d 37) (1998), and to the extent that we said anything in *Covington I* about OCGA § 17-10-7 (c), it is dicta. *Dobbs*, the precedent upon which we rely in this case, concerned the sentencing provision at issue here, the provision now codified at OCGA § 17-10-7 (c). See *Dobbs*, 180 Ga. App. at 715-716 (2).