# Court of Appeals
# of the State of Georgia

ATLANTA,  December 02, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0549.   KENNETH WAYNE MIKELL v. THE STATE.**

This is Kenneth Wayne Mikell, Sr.'s fourth appearance in this Court.  Mikell was convicted of one count of enticing a child for indecent purposes and three counts of child molestation, and he was sentenced as a recidivist to life in prison. This Court affirmed his conviction on appeal. See *Mikell v. State*, 281 Ga. App. 739 (637 SE2d 142) (2006). Mikell subsequently filed a motion alleging his life sentence was void because he was ineligible for recidivist punishment. The trial court denied the motion, and we affirmed the ruling on appeal. See *Mikell v. State*, 309 Ga. App. 608 (710 SE2d 824) (2011).  Mikell filed a second motion challenging his life sentence, arguing that the trial court erred in concluding that a life sentence was mandatory under OCGA § 17-10-7, the Georgia Recidivist Statute. The trial court denied that motion, and Mikell filed his third appeal.  We dismissed the appeal on the ground that Mikell had already challenged the legality of his sentence and was barred from further appellate review.  See Case No. A16A0574 (December 17, 2015).

In November 2018, Mikell filed yet another motion to vacate a void sentence, challenging the legality of his life sentence.  The trial court denied the motion, construing it as a motion to vacate a void conviction.  He now appeals from that order.  However, we lack jurisdiction.

As indicated in our order of December 17, 2015, Mikell is estopped from seeking further judicial review on the legality of his sentence.  Our ruling in the prior appeal is res judicata. See *Hook v. Bergen*, 286 Ga. App. 258,  261 (1) (649 SE2d 313) (2007). See also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (law of the case rule bars successive void sentence appeals).  To the extent that Mikell

was challenging his conviction, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Because Mikell is not authorized to collaterally attack his conviction in this manner and is barred from seeking further review of the legality of his sentence, this appeal is hereby DISMISSED. See id.; *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__12/02/2019_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*