**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**RICKMAN, P.J., and SENIOR APPELLATE JUDGE PHIPPS.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 30, 2021**

# In the Court of Appeals of Georgia

A21A0388. MOFFITT v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury found Elmer Moffitt guilty of two counts of child molestation, and this Court affirmed his convictions and sentence in an unpublished opinion. *Moffitt v. State*, 341 Ga. App. XXVII (May 25, 2017). Following remittitur, Moffitt filed a motion to modify his sentence. The trial court denied the motion, and Moffitt filed this timely appeal. For the reasons that follow, we affirm the trial court's denial of Moffitt's motion to modify his sentence.

According to our prior opinion affirming Moffitt's conviction and sentence, the evidence adduced at trial showed that in 2011 Moffitt molested the 12-year-old victim by pulling her foot toward his groin, "humping" her on at least two occasions, fondling her breasts, rubbing her vagina, and forcing the victim to put her mouth on

his penis. *Moffitt*, slip op. at 4 (2). In addition, another victim testified that when she was nine years old, Moffitt molested her multiple times by placing his hands and his mouth on her vagina. Id. at 4-5 (2). This occurred in Minnesota, and Moffitt admitted that he pled guilty to the prior acts of molestation and was a fugitive from Minnesota. Id. at 5-6 (2). The State presented a certified copy of Moffitt's Minnesota conviction, and this Court concluded that Moffitt's Minnesota conviction would support a conviction for aggravated child molestation in Georgia. Id. at 13-14 (2) (b). The State also presented two other out-of-state convictions for recidivist sentencing purposes. Id. at 13-15 (2) (b).

The jury in this case found Moffitt guilty of two counts of child molestation under OCGA § 16-6-4, and the trial court sentenced Moffitt as a repeat offender under OCGA § 17-10-7 (c) to two consecutive sentences of life without parole.

In his prior appeal, Moffitt argued that the trial court "erred in considering three out-of-state convictions offered by the State in support of enhanced punishment pursuant to OCGA § 17-10-7 (c)." *Moffitt*, slip op. at 12 (2) (b). We disagreed, finding that each of the out-of-state offenses for which Moffitt was convicted would qualify for felony punishment in Georgia and the convictions, therefore, supported the trial court's imposition of recidivist punishment under OCGA § 17-10-7 (c). Id.

Following remittitur by this Court, Moffitt filed a motion to modify his sentence. According to Moffitt, without his prior Minnesota conviction, Moffitt's sentence to life in prison as a second-time child molestation offender is void as a matter of law. The trial court denied Moffitt's motion, and this timely appeal followed.

On appeal, Moffitt asserts that his Minnesota conviction, which this Court previously found would support a conviction for aggravated child molestation in Georgia, see *Moffitt*, slip op. 13-14 (2) (b), should not have been used to enhance his punishment under OCGA § 16-6-4 (b) (1) because the child molestation statute does not include any language indicating that an out-of-state conviction may be used against him for sentencing purposes. Moffitt argues that the trial court, therefore, erred in denying the motion to modify his sentence. We disagree.

Our analysis begins with OCGA § 16-6-4 (b) (1), which provides that

> . . . a person convicted of a first offense of child molestation shall be punished by imprisonment for not less than five nor more than 20 years and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7. . . . [U]pon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years or by imprisonment for life and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.2 and 17-10-7[.]

3

It does not appear that Georgia courts have yet addressed whether out-of-state convictions can be used to enhance punishment under OCGA § 16-6-4 (b) (1). However, it is well settled that "the interpretation of a statute is a question of law, which is reviewed de novo on appeal." *State v. Hammonds*, 325 Ga. App. 815, 815 (755 SE2d 214) (2014) (citation and punctuation omitted).

> When interpreting a statute,
>
> we apply the fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature.

*State v. Mussman*, 289 Ga. 586, 588-589 (1) (713 SE2d 822) (2011) (citation and punctuation omitted). In so doing, "we are mindful that criminal statutes must be interpreted strictly against the State, and where the language in a criminal statute is ambiguous, it must be construed in favor of the defendant." *Gillespie v. State*, 280 Ga. App. 243, 245 (633 SE2d 632) (2006) (citation and punctuation omitted). That being said, "we must always presume that the General Assembly means what it says and says what it means, and an unambiguous statute must be afforded its plain meaning." *Barber v. State*, 316 Ga. App. 701, 703 (730 SE2d 176) (2012) (citation and punctuation omitted). As the Georgia Supreme Court has explained:

4

> In our search for the meaning of a particular statutory provision, we look not only to the words of that provision, but we consider its legal context as well. After all, context is a primary determinant of meaning. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law – constitutional, statutory, and common law alike – that forms the legal background of the statutory provision in question.

*May v. State*, 295 Ga. 388, 391-392 (761 SE2d 38) (2014) (citations and punctuation omitted).

With these principles in mind, we turn to the statute at issue in this case. The plain language of OCGA § 16-6-4 (b) (1) mandates enhanced punishment depending on the defendant's number of child molestation convictions. Contrary to Moffitt's argument, the statute does not limit the convictions to *Georgia* convictions. Moffitt is asking us to read language into the statute that isn't there, and we cannot do so. In fact, to do so would disregard the legislature's purpose and intention. "The General Assembly, by enacting § 16-6-4 . . . intended to protect children in this state under the age of 16 from sexual predators and offenders." *Staley v. State*, 284 Ga. 873, 874 (1) (672 SE2d 615) (2009). Accordingly, the most reasonable interpretation of the statute, and the only one that does not result in unreasonable or absurd consequences, is that OCGA § 16-6-4 (b) (1) requires enhanced punishment for an individual who has been convicted of out-of-state offenses that would be the equivalent of child molestation

in the State of Georgia. To hold otherwise would enable repeat sexual offenders to enter Georgia with impunity for their past conduct and divest OCGA § 16-6-4 of its ability to protect the children in this State from sexual predators and offenders.

In *Loyd v. State*, 288 Ga. 481 (705 SE2d 616) (2011), the Georgia Supreme Court reached a similar conclusion in a different context. In *Loyd*, the Supreme Court interpreted OCGA § 17-10-30, which requires consideration of aggravating circumstances in cases for which the death penalty may be authorized. *Loyd*, 288 Ga. at 490-492 (4) (c). Specifically, the Court concluded that OCGA § 17-10-30 (b) (1) – which delineates a statutory aggravating circumstance when "[t]he offense of murder, rape, armed robbery, or kidnapping was committed by a person with a prior record of conviction for a capital felony" – includes out-of-state convictions. *Loyd*, 288 Ga. at 490 (4) (c). According to the Supreme Court, the OCGA § 17-10-30 (b) (1) statutory aggravating circumstance "may be established by proof of out-of-state convictions that clearly are comparable to Georgia capital felony offenses." Id. at 490 (4) (c) (citations and punctuation omitted). As in the case before us, the statute interpreted by the Supreme Court in *Loyd* did not mention the use of an out-of-state conviction; it simply referred to a "prior record of conviction for a capital felony[.]" But the Supreme Court found that the statute nonetheless includes the use of out-of-

6

state convictions and does not limit a "prior record of conviction" to Georgia convictions. OCGA § 17-10-30 (b) (1).

Our conclusion that an out-of-state conviction may be used to enhance punishment under OCGA § 16-6-4 (b) (1) is further supported by our decision in *Mikell v. State*, 309 Ga. App. 608 (710 SE2d 824) (2011). In *Mikell*, the defendant was convicted of three counts of child molestation and one count of enticing a child for indecent purposes. Id. at 608. He had several prior felony convictions in South Carolina, including a conviction for an offense that if committed in Georgia would constitute child molestation, and the State filed notice that it would seek a sentence of life imprisonment based upon the defendant's South Carolina conviction. Id. at 609. The trial court sentenced the defendant to life imprisonment for each of the child molestation convictions, and ruled that the defendant be subject to recidivist punishment under OCGA § 17-10-7 (c). Id. at 609. This Court affirmed the defendant's sentence, rejecting his argument that his sentence for the child molestation convictions was void because the law did not allow the court to impose recidivist punishment upon him when his prior convictions were obtained through guilty pleas. Id. at 609-610. Although the issue in that case involved whether a trial court could utilize convictions resulting from guilty pleas when sentencing a

defendant as a recidivist, it is clear that the trial court relied on the South Carolina conviction to sentence the defendant to life imprisonment under OCGA § 16-4-6 (b) (1).

Moffitt argues that if the legislature had intended for OCGA § 16-6-4 (b) (1) to include out-of-state convictions and operate in the same manner as OCGA § 17-10-7, it could have included the same language and words contained in OCGA § 17-10-7.[1] However, as stated previously, in interpreting a statute, we must construe it according to its plain terms and seek to effectuate the intent of the legislature. See *Mussman*, 289 Ga. at 588-589 (1). The plain language of OCGA § 16-6-4 (b) (1) dictates the logical conclusion that an out-of-state conviction may be used to enhance punishment under OCGA § 16-6-4 (b) (1) if the out-of-state conviction would support a conviction for child molestation in this State. This conclusion also is supported by the legislative intent in enacting the statute.

---

[1] OCGA § 17-10-7 (c) specifically provides as follows: "[A]ny person who, after having been convicted under the laws of this state for three felonies *or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies*, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served." (Emphasis supplied).

Moffitt further argues that interpreting the statute to permit out-of-state convictions to be used to enhance punishment violates the "rule of lenity." This argument lacks merit.

> The rule of lenity applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. However, the rule does not apply when the statutory provisions are unambiguous.

*McNair v. State*, 293 Ga. 282, 283-284 (745 SE2d 646) (2013) (citations omitted). The statutory language used in OCGA § 16-6-4 (b) (1) is unambiguous: "[U]pon a second or subsequent conviction of an offense of child molestation, the defendant shall be punished by imprisonment for not less than ten years nor more than 30 years or by imprisonment for life[.]" And, based on our holding in Moffitt's prior case, he possessed a prior conviction for an offense constituting aggravated child molestation. The fact that this prior conviction was obtained in Minnesota is immaterial, and the rule of lenity does not apply.

Here, Moffitt's Minnesota conviction, previously held to be an offense amounting to aggravated child molestation, made his instant conviction for child molestation a second conviction and subjected him to "imprisonment for not less than ten years nor more than 30 years or by imprisonment for life[.]" OCGA § 16-6-4 (b)

(1). In addition, as this Court already concluded in Moffitt's prior appeal, the State presented evidence that Moffitt's three previous out-of-state convictions were for conduct that would be considered felonies under Georgia law and were sufficient to support recidivist punishment under OCGA § 17-10-7 (c). *Moffitt*, slip op. at 13-15 (2) (b). That statute mandates that a defendant convicted of a fourth felony "shall . . . serve the maximum time provided in the sentence of the judge" and "shall not be eligible for parole until the maximum sentence has been served." OCGA § 17-10-7 (c). Accordingly, the trial court did not err in sentencing Moffitt as a repeat offender to two consecutive sentences of life without parole for the child molestation convictions in this case, and the court did not err in denying Moffitt's motion to modify his sentence.

*Judgment affirmed. McFadden, C. J., concurs; and Rickman, P. J., concurs in judgment only*.