## A00A2576. JONES v. THE STATE.
(543 SE2d 72)

ELDRIDGE, Judge.

A Whitfield County jury convicted John Paul Jones of a single count of child molestation under OCGA § 16-6-4.[1] He was sentenced

[1] OCGA § 16-6-4 (a) provides that "[a] person commits the offense of child molestation when he or she does any immoral act to or in the presence of or with any child under the age

to fourteen years confinement to serve seven years and the remainder probated. The defendant appeals, contending that the superior court erred in denying his motion for new trial because the evidence was insufficient to support the jury's verdict; that the sentence was excessive as not tailored to fit the offender; and that the court's charge on voluntariness as to his confession was inadequately adjusted to his claim that he was in custody and, citing *United States v. Satterfield*, 558 F2d 655, 657 (2nd Cir. 1976), was silent with respect to the higher standard applicable to waiver of the Sixth Amendment right to counsel when a confession is given by one who is "distraught, upset, weeping and obviously out of control." Finding that defendant's claims of error lack merit, we affirm.

The testimony of the victim, a four-year-old child, and the adults to whom the victim made statements and defendant's confession upon being interrogated by the police show that the defendant lured the victim to his house by accusing her of stealing the toy she was playing with outside her house. Once there, the victim and the defendant's son followed the defendant into his bedroom. The defendant then used the bathroom off the bedroom. When he reentered the bedroom, his pants were down and only the victim was present. The defendant pulled the victim's shorts and panties down, laid her on her back on his bed, and had her roll over, on both occasions getting on top of her and rubbing her vagina and anal area, respectively, with his penis. The defendant gave the victim a cookie afterward and a small toy which he placed in her panties. He then sent the victim home with the admonition that she not "tell." Upon being examined after the incident, the examining physician found a black pubic hair between the victim's vaginal area and her anus.[2] *Held*:

1. On appeal the evidence must be viewed most favorably in support of the verdict; the defendant no longer enjoys the presumption of innocence; we determine evidentiary sufficiency alone, neither weighing the evidence nor determining the credibility of witnesses; and any conflicting testimony of the witnesses is a question of credibility for the jury to resolve. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990). Review of the transcript reveals ample evidence upon which any rational trier of fact could find the defendant guilty of the offense of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hendrix v. State*, 230 Ga. App. 604, 607 (5) (497 SE2d 236) (1997).

2. Neither is there merit in defendant's claim that the superior

---

of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."

[2] The pubic hair was sent to the State Crime Laboratory for analysis, but results were not available at the time of trial.

court abused its discretion by imposing an excessive sentence against him. The superior court imposed a sentence to confinement well within statutory limits,[3] a portion of which was imposed to serve and the remainder probated. " 'A determinate sentence which falls within statutorily mandated parameters is not subject to attack on Eighth Amendment grounds. (Cit.)' " *Inglett v. State*, 239 Ga. App. 524, 529 (9) (521 SE2d 241) (1999), citing *Pollard v. State*, 230 Ga. App. 159, 161 (5) (495 SE2d 629) (1998).

3. Last, we conclude that the superior court fully and fairly charged the jury on voluntariness as to defendant's confession. At trial, the defendant maintained that he was in custody at the time he was interrogated; the police officers to whom he confessed testified to the contrary. Nonetheless, the record reflects that the defendant gave his statement only after the interrogating officers warned him of his Fifth Amendment rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), inclusive of the *Miranda* right to counsel, and he waived the same by his signature on a rights waiver form. On its own motion, the trial court substantially charged the jury as to the law related to the voluntariness of defendant's pre-trial statement, pointing to the *Miranda* rights of an accused, the steps to be taken if the accused requests counsel, and the elements to be considered in determining the voluntariness of any subsequent statement. We find the court's description thoroughly covered the factors to be considered in weighing the totality of the circumstances and clearly informed the jurors that they should address each factor.

Defendant misplaces his reliance upon *United States v. Satterfield*, supra, for the proposition that the superior court's voluntariness charge was deficient because it failed to instruct the jury to determine voluntariness upon finding a waiver of the Sixth Amendment right to counsel. While the court in *Satterfield* suppressed a distraught accused's confessions because the government failed to show waiver of the Sixth Amendment right to counsel, the court did so not because of Fifth Amendment voluntariness issues, but because the statements had been made after the accused's indictment and his Sixth Amendment rights had attached. Id. at 657. "[T]he Sixth Amendment right to counsel clearly does not attach simply because the accused is in custody, or has been arrested. Rather, the Sixth Amendment right to counsel exists to protect the accused 'during trial-type confrontations with the prosecutor' and thereafter." (Citations omitted.) *Ross v. State*, 254 Ga. 22, 27 (3) (b) (326 SE2d 194) (1985); compare *Kirby v. Illinois*, 406 U. S. 682, 688-689 (92 SC 1877,

---

[3] The superior court was authorized to impose a maximum sentence of 20 years confinement upon the single count of child molestation for which defendant was convicted. OCGA § 16-6-4 (b).

32 LE2d 411) (1972) (*Miranda* exclusively based upon Fifth and Fourteenth Amendments, the Sixth Amendment right to counsel attaching after adversary judicial proceedings initiated).

Inasmuch as adversary judicial proceedings had not begun against the defendant at the time the defendant confessed, the Sixth Amendment right to counsel had not attached. *Ross v. State*, supra at 26-27, n. 3, citing *Brewer v. Williams*, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977); *McLeod v. Ohio*, 381 U. S. 356 (85 SC 1556, 14 LE2d 682) (1965); *Massiah v. United States*, 377 U. S. 201 (84 SC 1199, 12 LE2d 246) (1964). It follows that there was no error for failure to instruct thereon.

Given that the record does not indicate that the defendant requested a voluntariness charge; that though he reserved objections, he interposed no specific objection to the court's voluntariness charge at trial; that the charge was sua sponte upon defendant's testimony and not misleading or confusing as properly tailored, see *Davis v. State*, 181 Ga. App. 28, 29 (2) (351 SE2d 458) (1986) ("[t]he trial court's duty in delivering charges to the jury is to tailor those charges not only to the indictment but also . . . to the evidence at trial. [Cits.]"); and that we find no error clearly harmful as a matter of law, this enumeration is also without merit. *Byrd v. State*, 156 Ga. App. 522-523 (2) (275 SE2d 108) (1980).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 28, 2000 — 

*Ronald G. Shedd*, for appellant.

*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.