## A01A1819. BROWN v. THE STATE.
### (557 SE2d 464)

MILLER, Judge.

Pierre Shakeem Brown, a juvenile, was tried as an adult and convicted of rape and two counts of child molestation. On appeal Brown argues that the court erred in denying his motion to suppress his statement to police and that the court imposed an excessive sentence. We discern no error and affirm.

1. Brown argues that his statement to police in which he confessed to molesting and sodomizing the three-year-old victim was not given knowingly and voluntarily. He contends that his admission to police was not voluntary because (a) he and his mother were misled into believing that he was being prosecuted as a juvenile and not as an adult, (b) he had only a ninth grade education and was enrolled in special education classes, (c) his mother desired to be present during his interview but was not brought to the police station until 45 minutes into the interview, and (d) his statement was given in the "hope of benefit."

Even if officers did violate juvenile arrest procedures, Brown's statements are not necessarily rendered inadmissible.[1] The issue is whether Brown made the statements after freely, knowingly, and voluntarily waiving his *Miranda*[2] rights.[3] In determining whether

---

[1] *Skidmore v. State*, 226 Ga. App. 130, 131 (2) (485 SE2d 540) (1997).

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[3] *Skidmore*, supra, 226 Ga. App. at 131 (2).

the statements were knowingly, freely, and voluntarily given, the court considers the following:

> the age and education of the accused; his knowledge of the charges against him and of his right to consult with an attorney; whether he was allowed to consult with relatives; whether he was interrogated before or after being formally charged; the method and length of the interrogation; whether the juvenile refused to give a voluntary statement on prior occasions; and whether the juvenile later repudiated the custodial statement.[4]

(a) Brown argues that neither he nor his mother was informed at the time of his arrest or prior to giving his statement that he would be prosecuted as an adult; but no authority indicates such a requirement must be met in order to render his statements voluntary. Again, the issue is not whether Brown or his mother knew that he would be prosecuted as an adult, but whether Brown's custodial statements were made voluntarily. Moreover, the officer who conducted the interview testified that Brown was told that he faced adult charges but did not recall at what point he informed Brown. The court had the opportunity to listen to the testimony and the audiotape of the interrogation and could have rejected Brown's contention that he was not told that he faced adult charges.[5]

(b) Prior to the interrogation, officers established that Brown could read and write and that he understood the charges against him. Thus, the fact that Brown had a ninth grade education or was enrolled in special education classes alone is not determinative.[6]

(c) The officer conducting the investigation testified that he may have told Brown: "why don't you just tell me the truth so that you can just get on with this and get on with your life and let's get out of here." This statement was not a "hope of benefit" that would render Brown's statement involuntary.[7] The officer testified that he made Brown no promises or gave any indication that if Brown told the truth, he would get to go home. The officer simply pointed out that the sooner Brown told the truth, the sooner the interrogation would conclude. Even if, as Brown initially stated, the officer told Brown that if he cooperated, he could go home, Brown later admitted that what was on the tape was the truth — officers did not promise him

---

[4] (Citation omitted.) Id.; see also *Reynolds v. State*, 217 Ga. App. 570, 572 (5) (458 SE2d 855) (1995).

[5] See *Skidmore*, supra, 226 Ga. App. at 130, 131 (2).

[6] Compare *Howe v. State*, 250 Ga. 811, 812 (1) (301 SE2d 280) (1983); see also *Donaldson v. State*, 249 Ga. 186, 189 (5) (289 SE2d 242) (1982).

[7] See *Lee v. State*, 270 Ga. 798, 800 (2) (514 SE2d 1) (1999).

anything nor was he coerced into saying anything.

(d) Finally, the absence of Brown's mother did not render the statements inadmissible. The Supreme Court of Georgia has held that "there is no requirement that a parent be present during questioning of a minor."[8] Moreover, testimony at the *Jackson-Denno* hearing established that Brown did not request the presence of his mother during questioning.

In denying Brown's motion to suppress, the court found that his age and his ninth grade education did not indicate a lack of voluntariness for his statement, that Brown had the mental capacity to fully understand the charges against him, that the length of the interrogation was not overly burdensome, and that the officers were not confrontational, harassing, or threatening during the interrogation. The evidence supports the court's ruling.

2. The court sentenced Brown to 40 years — 15 years to serve and 25 years on probation. Brown argues that his sentence exceeds the maximum allowable and must be declared null and void. This enumeration is without merit. In Brown's case, the crime of rape would carry a penalty of imprisonment for life, or imprisonment for not less than ten nor more than twenty years.[9] For the crime of child molestation, his first offense carries a penalty of not less than five nor more than twenty years.[10] The court could have sentenced Brown to life plus 20 years, or 40 years to serve. Thus, Brown's sentence was within the statutory limits.[11] Moreover, any question as to the excessiveness of a sentence imposed within statutory limits should be addressed to the sentence review panel as provided in OCGA § 17-10-6.[12]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 13, 2001.

*Mitchell D. Durham*, for appellant.
*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney*, for appellee.

---

[8] (Citations omitted.) *McKoon v. State*, 266 Ga. 149, 151 (2) (465 SE2d 272) (1996).
[9] OCGA § 16-6-1 (b).
[10] OCGA § 16-6-4 (b).
[11] See *Jones v. State*, 247 Ga. App. 43, 45 (2) (543 SE2d 72) (2000).
[12] *Brown v. State*, 242 Ga. App. 347, 350 (3) (529 SE2d 650) (2000); *Rehberger v. State*, 235 Ga. App. 827, 830 (4) (510 SE2d 594) (1998).