**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

June 28, 2012

# In the Court of Appeals of Georgia

A12A0166. RAY v. THE STATE

BARNES, Presiding Judge.

On November 16, 2004, following a bench trial, Cecil Ray was convicted of possession of cocaine with intent to distribute, possession of a firearm during the commission of a crime, giving a false name, obstruction of an officer, false statement or writing, fleeing or attempting to elude a police officer, driving without insurance, operating a vehicle without a current decal, improper lane change, and improper lane usage. The trial court entered an order of nolle prosequi on a charge of possession of a firearm by a convicted felon, and Ray was found not guilty of driving without a license. In *Ray v. State*, 292 Ga. App. 575 (665 SE2d 345) (2008), we affirmed his conviction on direct appeal.

On June 22, 2011, Ray, filed a "Motion to Vacate Void Sentence," the denial of which Ray, pro se, now appeals. Ray contends that the trial court improperly sentenced him on drug charge to serve 35 years without parole as a recidivist under OCGA § 17-10-7 (c), which provides that

> Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state shall, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

For the reasons which follow, we affirm.

"A sentence is void if it imposes punishment not permitted by law." (Citation omitted.) *Sledge v. State*, 245 Ga. App. 488 (537 SE2d 753) (2000). Thus, a sentence is void if it imposes a period of confinement or fine greater than the statutory maximum for the offense or if it imposes punishment for both a greater offense and a lesser included offense for the same act. Id. at 488-489; *Brown v. State*, 253 Ga. App. 1, 3 (2) (557 SE2d 464) (2001). On appeal from the denial of a motion to vacate

2

void sentence, an appellate court will not consider issues which go to the validity of the defendant's conviction, but only those that go to the validity of his sentence. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Questions of law we review de novo on appeal. *O'Neal v. State*, 285 Ga. 361, 362 (677 SE2d 90) (2009).

Ray argues that his sentence is void because during the sentencing hearing the trial court considered a prior burglary conviction that had previously been admitted as similar transaction evidence at trial, and that the State's use of the prior burglary conviction in the guilt-innocence phase violated the dual use restrictions set forth in *King v. State*, 169 Ga. App. 444 (313 SE2d 144) (1984). No trial transcript containing the court's sentencing was provided to this court for our review; however, it is clear from the record that the possession of a firearm by a convicted felon charge was nolle prossed and thus the prior burglary conviction was not used as a basis for a criminal conviction *and* for sentencing purposes.

In *King*, we held that the State cannot use a prior felony conviction to convict a convicted felon for being in possession of a firearm, and then use the same prior conviction to enhance the sentence to the maximum punishment for the offense under the recidivist statute. Here, the possession of a firearm by a convicted felon was nolle

3

possed and the court used the burglary conviction and two others prior felony convictions to enhance Ray's punishment at sentencing. Similarly, in *Caver v. State*, 215 Ga. App. 711 (452 SE2d 515) (1994), the State first charged Caver with shoplifting and possession of a firearm by a convicted felon by reason of one prior felony conviction. Id. at 713 (4). Then, after Caver was convicted of shoplifting, the State nolle prossed the charge of firearm possession and used the prior felony conviction that was to be the predicate conviction for that charge to enhance Caver's punishment as a recidivist. This court affirmed, finding the State's procedural maneuver avoided the obstacles to imposition of recidivist sentencing. Id.

Here, the trial court did not use the prior felony conviction both to support a conviction on the firearm possession charge and to enhance Ray's sentence, but only the latter. Thus, the trial court did not err by considering that conviction in imposing punishment under OCGA § 17-10-7 (c), and by denying Ray's motion to vacate the sentence.

*Judgment affirmed. Adams and McFadden, JJ., concur.*