**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 5, 2013**

# In the Court of Appeals of Georgia

A13A1446. FRANKS v. THE STATE.

McFADDEN, Judge.

On July 16, 2012, Crisincio Franks pled guilty to 11 counts of armed robbery, and the trial court sentenced Franks to serve concurrent terms of 25 years in custody as to each count. On August 14, 2012, Franks filed a motion to withdraw his guilty plea, which he subsequently amended to assert that he had an absolute right to withdraw his plea because the 25-year sentences exceeded the statutory range of punishment for armed robbery and were thus illegal and void. After a hearing on the motion, the trial court acknowledged that the 25-year sentences were improper, but nevertheless denied the motion to withdraw and instead re-sentenced Franks. Franks appeals, asserting that the trial court erred in denying his motion to withdraw his guilty plea. In its appellate brief, the state agrees with Franks that the trial court

should have permitted him to withdraw his guilty plea because the original sentences were void. Because Franks and the state are correct in asserting that the trial court erroneously denied the motion to withdraw the guilty plea, we reverse.

> As a rule, a defendant has an absolute right to withdraw his plea before sentence is pronounced. Since a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced. If [Franks'] sentence was void, therefore, he had a right to withdraw his guilty plea.

*Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008) (citations and punctuation omitted).

The punishments for armed robbery are death,[1] life imprisonment or imprisonment for "not less than ten nor more than 20 years." OCGA § 16-8-41 (b). Here, the trial court did not sentence Franks to death or life in prison, and instead imposed sentences of 25 years in custody for each count of armed robbery. "It follows that the [25-year] felony sentence[s] entered by the trial court [were] outside the statutory range and void." *Simmons v. State*, 315 Ga. App. 82, 83 (726 SE2d 573) (2012) (citation omitted). See *Chester v. State*, 284 Ga. 162 (1) (664 SE2d 220)

---

[1] The Georgia Supreme Court "has held that armed robbery alone does not warrant the death penalty. *Gregg v. State*, 233 Ga. 117 (210 SE2d 659) (1974)." *Collins v. State*, 239 Ga. 400, 402 (2) (236 SE2d 759) (1977).

(2008) (sentence is void if court imposes punishment the law does not allow). Because the court imposed void sentences, Franks stood in the position as if he had pled guilty but not yet been sentenced, and thus had the absolute right to withdraw his plea before resentencing. See *Kaiser v. State*, 285 Ga. App. 63, 68 (1) (646 SE2d 84) (2007). The trial court's denial of the motion to withdraw the plea prior to resentencing was therefore erroneous and must be reversed. Compare *Spencer v. State*, 309 Ga. App. 630, 631 (2) (710 SE2d 837) (2011) (as sentence was within statutory range it was not void and therefore defendant had no absolute right to withdraw his guilty plea).

*Judgment reversed. Doyle, P. J., and Boggs, J., concur.*