# Court of Appeals
# of the State of Georgia

ATLANTA, <u>September 26, 2013</u>

*The Court of Appeals hereby passes the following order:*

## A14A0029, A14A0030.  CECIL RAY v. THE STATE.

Cecil Ray was convicted of possession of cocaine with intent to distribute and other crimes.  We affirmed his convictions on appeal.  *Ray v. State*, 292 Ga. App. 575 (665 SE2d 345) (2008).  Ray later filed a motion to vacate a void sentence, alleging that the trial court had improperly sentenced him as a recidivist.  The trial court denied the motion, and we affirmed that ruling on appeal.  *Ray v. State*, 317 Ga. App. 197 (729 SE2d 610) (2012).

Ray then filed a motion to modify his sentence and another motion to vacate a void sentence.  The trial court denied both motions, and Ray filed notices of appeal. In Case No. A14A0029, Ray appeals the denial of his motion to modify his sentence. In Case No. A14A0030, he appeals the denial of his motion to vacate a void sentence. We, however, lack jurisdiction in both cases.

Under OCGA § 17-10-1 (f), a trial court may modify a defendant's sentence within one year following its imposition or "within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal," whichever is later.  Ray's motion to modify was filed in 2012, more than four years after the imposition of his sentence.  And because the remittitur following his first appeal issued in 2008, the 120-day post-remittitur period had also long since run when Ray filed the motion.[1]  Thus, Ray's motion to modify his sentence was not timely filed.

---

[1] Although the remittitur following Ray's second appeal issued much later, that remittitur "does not extend the time for filing a motion to modify his sentence because the [2012] appeal did not involve the affirmance of the judgment of his conviction as required by OCGA § 17-10-1 (f)." *Rooney v. State*, 318 Ga. App. 385, 386 (734 SE2d 104) (2012).

To support a motion for sentence modification filed outside the statutory time period, a defendant must show that his sentence is void. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, __ Ga. __ (Case No. S13G0198, decided September 9, 2013). In his motion to modify, Ray did not argue that his sentence exceeded the legally permissible range for his convictions; instead, he claimed that it was excessively harsh. Because Ray failed to raise a colorable void sentence claim, the trial court lacked jurisdiction to consider the motion to modify, as do we. See id.; *Brown v. State*, 295 Ga. App. 66, 68 (670 SE2d 867) (2008). Accordingly, Case No. A14A0029 is hereby DISMISSED.

In his motion to vacate a void sentence, Ray argued that his arrest was illegal and that his trial counsel was ineffective for failing to challenge the legality of the arrest. These, however, are challenges to Ray's conviction, rather than to his sentence. Accordingly, notwithstanding nomenclature, Ray's motion to vacate a void conviction is actually a post-conviction motion to set aside or vacate his conviction. As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Therefore, Case No. A14A0030 is also DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 09/26/2013
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ *, Clerk.*