**THIRD DIVISION**
**BARNES, P. J.,**
**BOGGS and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 21, 2014**

# In the Court of Appeals of Georgia

A14A0279. ROYALS v. THE STATE.

BRANCH, Judge.

Teresa Louise Royals pled guilty to a single count of possession of methamphetamine and was sentenced to 25 years, with the first ten years to be served in incarceration and the balance to be served on probation. The court suspended Royals's prison sentence, however, on the condition that she enter and complete a residential substance abuse treatment program. After her suspended sentence was revoked, Royals filed a pro se motion seeking a reduction or modification of her sentence and asserting that the sentence imposed by the trial court was void. Although Royals requested a hearing on her motion, the trial court denied the motion without a hearing. Royals now appeals from that order, arguing that the sentence imposed by the trial court is illegal, and that the trial court abused its discretion by refusing to treat

her motion as one to withdraw her guilty plea and by failing to hold a hearing on that motion. Finding that the sentence imposed by the trial court is illegal and therefore void, we reverse the order denying Royals's motion to reduce or modify her sentence and remand the case for proceedings consistent with this opinion.

The relevant facts are undisputed. The record shows that Rogers was indicted in October 2011 on charges of manufacturing methamphetamine (Count 1), possession of methamphetamine (Count 2), and possession of a schedule IV controlled substance (Count 3). Royals subsequently entered a plea agreement under which the State agreed to nolle prosse Counts 1 and 3 of the indictment in exchange for Royals entering a guilty plea on Count 2 Royals entered this plea in open court in December 2012, at which time Royals was sentenced. In January 2013, the trial court revoked the suspended portion of Royals's sentence after she was dismissed from her drug treatment program without having successfully completed the same. Royals then filed her pro se motion seeking a reduction or modification of her sentence. She now appeals from the denial of that motion.

1. A criminal sentence is void "if it imposes a period of confinement or fine greater than the statutory maximum for the offense." *Ray v. State*, 317 Ga. App. 197, 198 (729 SE2d 610) (2012) (citations omitted). At the time Royals engaged in and

was indicted for possession of methamphetamine, Georgia law provided that any person convicted of possessing methamphetamine "shall be punished by imprisonment for not less than two years nor more than 15 years." OCGA § 16-13-30 (c) (2011).[1] Accordingly, because the 25-year sentence imposed by the trial court exceeds the statutory maximum, that sentence is void and the trial court erred in denying Royals's motion for a modification of that sentence.[2]

2. In her motion, Royals argued that she was innocent of the methamphetamine charge, as demonstrated by the testimony of her co-defendant (who is also her husband), offered at the co-defendant's plea hearing. On appeal, Royals argues that

---

[1] A 2013 amendment to this statute created a sentencing scheme whereby punishment is determined by the amount of methamphetamine a defendant possesses. Under the amended statute, possession of one gram or less of methamphetamine is punishable by "imprisonment for not less than one nor more than three years," OCGA § 16-13-30 (c) (1); possession of more than one but less than four grams of methamphetamine is punishable by "by imprisonment for not less than one nor more than eight years," OCGA § 16-13-30 (c) (2); and possession of more than four but less than 28 grams of methamphetamine is punishable by "by imprisonment for not less than one nor more than 15 years," OCGA § 16-13-30 (c) (3). See Ga. Laws 2012, Act 709, § 3-7B, effective July 1, 2013. It is the version of the statute in effect at the time of Royals's crime, however, that applies to her case. See Ga. Laws 2012, Act 709, § 9-1 (providing that the amendments to OCGA § 16-13-30 "shall apply to offenses which occur on or after July 1, 2013. Any offense occurring before July 1, 2013, shall be governed by the statute in effect at the time of such offense[.]")

[2] It is unclear why the State opposed Royals's motion in the trial court, as on appeal the State concedes that the sentence imposed on Royals was illegal.

because her motion was filed within the same term of court in which she entered her guilty plea and because her motion raised a claim as to her innocence, the trial court abused its discretion by refusing to treat that pleading as a motion to withdraw Royals's guilty plea. See *Matthews v. State*, 295 Ga. App. 752, 754 (1) (673 SE2d 113) (2009) (a motion to withdraw a guilty plea must be made during the same term of court in which the defendant was sentenced); *Lawson v. State*, 204 Ga. App. 796 (1) (420 SE2d 600) (1992) (where defendant files a motion for a new trial within the same term of court in which defendant entered his guilty plea, a court has the discretion to treat that pleading as a motion by defendant to withdraw his guilty plea). She further asserts that because her motion sought to withdraw her guilty plea, the trial court abused its discretion in failing to hold a hearing on that motion. See *Schlau v. State*, 261 Ga. App. 303, 304 (1) (582 SE2d 243) (2003) (before ruling on a defendant's motion to withdraw his guilty plea, the trial court should hold a hearing and exercise its discretion based upon the evidence produced during that hearing).

The pro se motion filed by Royals was captioned "Motion for Reduction or Modification of Sentence." Moreover, in that motion Royals neither raised nor argued the question of whether she should be allowed to withdraw her guilty plea. Accordingly, we find no abuse of discretion by the trial court in failing to treat

4

Royals's pleading as a motion to withdraw her guilty plea. We note, however, that on remand Royals may seek to withdraw her plea even though the term of court in which she originally entered that plea has expired. As we have explained before,

> a defendant has an absolute right to withdraw [her] plea before sentence is pronounced. [Because] a void sentence is the same as no sentence at all, the defendant stands in the position as if [she] had pled guilty and not been sentenced, and so may withdraw [her] guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced.

*Hallford v. State*, 289 Ga. App. 350, 351 (1) (657 SE2d 10) (2008) (citations and punctuation omitted). Thus, because the trial court imposed a void sentence, Royals stands in the position of having pled guilty but not yet sentenced. *Franks v. State*, 323 Ga. App. 813, 814 (748 SE2d 291) (2013). Upon remand, therefore, Royals has "the absolute right" to move to withdraw her guilty plea prior to resentencing. Id. (citation omitted).

For the reasons set forth above, the order of the trial court denying Royals's motion to reduce or modify her sentence is reversed and the case is remanded for proceedings consistent with this opinion.

*Judgment reversed and case remanded. Barnes, P. J., and Boggs, J., concur.*

5