# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1177.  CECIL RAY v. THE STATE.**

In 2004, Cecil Ray was convicted of possession of cocaine with intent to distribute and other crimes.  We affirmed his convictions on appeal.  See *Ray v. State*, 292 Ga. App. 575 (665 SE2d 345) (2008).  In 2011, Ray filed a "motion to vacate void sentence," claiming that the trial court improperly sentenced him as a recidivist because at sentencing the court considered a prior burglary conviction that had been used in the guilt-innocence phase at trial.  The trial court denied the motion, and we also affirmed that ruling on appeal.  See *Ray v. State*, 317 Ga. App. 197 (729 SE2d 610) (2012).  Subsequently, Ray filed a motion to modify his sentence, claiming that it was excessively harsh.  He also filed another motion to vacate a void sentence, claiming that his arrest was illegal.  The trial court denied both motions, and we dismissed Ray's appeals of the trial court's rulings.  See Case Nos. A14A0029 & A14A0030 (dismissed Sept. 26, 2013).

In November 2017, Ray filed yet another motion to vacate a void sentence, claiming that he was improperly sentenced as a recidivist because the State did not show the guilty pleas underlying two of his prior drug convictions were made knowingly, voluntarily, and intelligently.  The trial court dismissed the motion, and Ray filed this appeal.  We lack jurisdiction for two reasons.

First, Ray is estopped from seeking further judicial review regarding the validity of his sentence as a recidivist.  "It is axiomatic that the same issue cannot be relitigated *ad infinitum*.  The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).  Before his instant challenge to his sentence as a recidivist, Ray filed three motions challenging his sentence, including one challenging his sentence as a recidivist, and his attempts at appellate review of the denial of those motions were unsuccessful.  See *Ross v.*

*State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (the law of the case rules bars successive void-sentence appeals, and a defendant "is not entitled to multiple bites at the apple" once he has had an opportunity to challenge on appeal the denial of his challenge to the validity of his sentence).

Second, Ray has failed to raise a colorable void-sentence claim. A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). "Assertions taking issue with the procedure employed in imposing a valid sentence . . . do not allege a sentence is void[.]" *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010) (punctuation omitted). Here, Ray's claim that he was improperly sentenced as a recidivist because the State did not show the guilty pleas underlying his prior convictions were made knowingly, voluntarily, and intelligently does not raise a colorable void-sentence claim. See *von Thomas*, 293 Ga. at 572-575 (2) (claims regarding the imposition of a recidivist sentence that can be waived, including claims that a prior conviction was invalid because it was entered upon a guilty plea that was not knowing and voluntary, are not valid void-sentence claims).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   02/21/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*                    , *Clerk.*

2