**SECOND DIVISION
MILLER, P. J.,
RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**August 20, 2019**

# In the Court of Appeals of Georgia

A19A0952. HOOD v. THE STATE.

RICKMAN, Judge.

Following this Court's holding in *Hood v. State*, in which we held that James William Hood's child molestation sentence was void, he filed a motion to withdraw his guilty plea, which the trial court denied.[1] See *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017). On appeal, Hood contends that the trial court erred by denying his motion to withdraw his guilty plea. For the following reasons, we reverse.

In April 2011, Hood entered a negotiated guilty plea to statutory rape and child molestation. The trial court sentenced Hood to serve 20 years, 10 years incarceration with the remainder on probation for statutory rape and 15 years probation consecutive

---

[1] Hood also sought to withdraw his guilty plea to statutory rape. Hood's statutory rape conviction is, however, not an issue on appeal.

for child molestation. Approximately four and a half years later, Hood filed a motion to vacate his sentence, alleging that his child molestation sentence was void because it violated the split-sentence requirement of former OCGA § 17-10-6.2 (b).[2] The trial court denied Hood's motion, and this Court vacated Hood's child molestation sentence, finding that Hood's child molestation sentence did not comply with the split sentence requirement of former OCGA § 17-10-6.2 (b). *Hood*, 343 Ga. App. at 234 (1).

After this Court vacated Hood's child molestation sentence, Hood filed a motion to withdraw his guilty plea, arguing that he had a statutory right under former OCGA § 17-7-93 (b) to withdraw his guilty plea prior to being resentenced.[3] The trial court denied Hood's motion, finding that Hood's plea was freely, voluntarily, knowingly, and intelligently entered; the "negotiated plea between the State and Hood foster[ed] both the interests of the State of Georgia and of [Hood] by allowing both parties to avoid the uncertainty of a jury trial"; and thus, Hood waived his right to withdraw his guilty plea.

---

[2] "[A]ny person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense." OCGA § 17-10-6.2 (b).

[3] In the trial court, the State conceded this issue.

2

Hood contends that the trial court erred by denying his motion to withdraw his guilty plea. Specifically, he argues that he had a statutory right pursuant to OCGA § 17-7-93 to withdraw his guilty plea prior to being resentenced. We agree.

"If the [defendant] pleads 'guilty,' . . . the court shall pronounce the judgment of the law upon the person in the same manner as if he or she had been convicted of the offense by the verdict of a jury. At any time before judgment is pronounced, the accused person may withdraw the plea of "guilty" and plead "not guilty." OCGA § 17-7-93 (b). Under Georgia law,

> [a]s a rule, a defendant has an absolute right to withdraw his plea before sentence is pronounced. Since a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced. If [Hood's] sentence was void, therefore, he had a right to withdraw his guilty plea.

(Citation and punctuation omitted.) *Franks v. State*, 323 Ga. App. 813, 813-814 (748 SE2d 291) (2013).

"Because the court imposed [a] void sentence[], [Hood] stood in the position as if he had pled guilty but not yet been sentenced, and thus had the absolute right to withdraw his plea before resentencing." *Franks*, 323 Ga. App. at 814. Accordingly,

3

the trial court's denial of Hood's motion to withdraw his guilty plea to child molestation prior to resentencing was erroneous. See *Royals v. State*, 327 Ga. App. 337, 339 (2) (761 SE2d 357) (2014); *Franks*, 323 Ga. App. at 814.

*Judgment reversed. Miller, P. J., and Reese, J., concur*.