**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 4, 2019**

# In the Court of Appeals of Georgia

A19A1526. MARTINEZ-CHAVEZ v. THE STATE.

MARKLE, Judge.

In 2016, Pedro Martinez-Chavez entered a negotiated plea to multiple counts of incest, statutory rape, and child molestation. He now appeals from the denial of his motion to withdraw his guilty plea, arguing that the sentence imposed remains void and that he was entitled to withdraw his plea as a matter of right prior to resentencing. For the reasons that follow, we agree with Martinez-Chavez. Accordingly, we vacate the sentence imposed and remand the case for further proceedings.

Martinez-Chavez was charged with two counts each of incest, statutory rape, and child molestation in connection with illicit contact Martinez-Chavez had with his niece when she was 14 to 15 years old and he was 29. He subsequently pled guilty to all counts as part of a negotiated plea, and he was sentenced to 20 years'

imprisonment on one of the incest counts, a consecutive 20 years' probation on one of the statutory rape counts, and concurrent terms of probation on the remaining counts. He then filed a motion to correct void sentence because he was not sentenced to a split sentence, as required by OCGA § 17-10-6.2 (b) (2013). He also filed a motion to withdraw his plea prior to resentencing.

Thereafter, the trial court granted Martinez-Chavez's motion to correct void sentence and resentenced him on the incest count to 20 years, to serve 19 and the balance on probation. The sentence imposed for the statutory rape charge remained 20 years' probation consecutive to the sentence for incest, and there was no change to the sentences imposed on the other counts. In the same order, the trial court denied the motion to withdraw the guilty plea. Martinez-Chavez now appeals.

1. Martinez-Chavez first argues that the corrected sentence remains void because the trial court failed to impose a split sentence on the statutory rape and child molestation charges. We agree.

"A sentencing court retains jurisdiction to correct a void sentence at any time. A void sentence is one that imposes punishment that the law does not allow." (Citation and punctuation omitted.) *Daniels v. State*, 344 Ga. App. 190, 191 (809 SE2d 473) (2018).

2

Under OCGA § 17-10-6.2 (b) (2013),

> any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

Both statutory rape and child molestation are subject to the split sentence requirements in § 17-10-6.2 (b). See OCGA §§ 16-6-3 (b); 16-6-4 (b) (1); 17-10-6.2 (a) (2013). And the requirement of split sentences applies to each count. *State v. Riggs*, 301 Ga. 63, 65-66 (1) (799 SE2d 770) (2017). Although the legislature amended OCGA § 17-10-6.2 (b) in 2017 to require that only the final sentence imposed contain a split sentence rather than each individual count, the trial court was obligated to sentence Martinez-Chavez pursuant to the statute in effect at the time he committed his crime. Compare OCGA § 17-10-6.2 (b) (2013) and (2017); *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("[I]t has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citation omitted); *Richardson v. State*, 334 Ga. App. 344, 347 (1) (779 SE2d 406) (2015) (Because

3

OCGA § 17-10-6.2 was not in effect when Richardson committed his crimes, the trial court could not apply its provisions when resentencing Richardson). Indeed, we have held that the amendments do not apply retroactively. *Hardin v. State*, 344 Ga. App. 378, 388-389 (2) (810 SE2d 602) (2018). Thus, when the trial court resentenced Martinez-Chavez in 2018, it was still required to impose a split sentence on each count as required by the statute in effect at the time he committed his crimes. Id. And although Martinez-Chavez does not argue that his sentences for child molestation or the second incest conviction are void, we must also correct these void sentences. Id. at 389 (2), n. 13.

Accordingly, Martinez-Chavez is correct that his sentence remains void, and therefore we must vacate the sentences imposed on the remaining incest conviction as well as the statutory rape and the child molestation offenses.

2. Martinez-Chavez next challenges the trial court's denial of his motion to withdraw his plea and generally alleges that his plea was not voluntary. We conclude that the trial court erred in denying the motion to withdraw the plea.

"[W]here a sentence is void and the defendant has filed a motion to withdraw the guilty plea prior to resentencing, the defendant may withdraw his plea as a matter of right until he is properly sentenced, even if the motion was filed outside the term

4

of court in which the sentence was imposed." *Murray v. State*, 314 Ga. App. 240, 241 (723 SE2d 531) (2012); see also OCGA § 17-7-93 (b) ("At any time before judgment is pronounced, the accused person may withdraw the plea of 'guilty' and plead 'not guilty.'").

> As a rule, a defendant has an absolute right to withdraw his plea before sentence is pronounced. Since a void sentence is the same as no sentence at all, the defendant stands in the position as if he had pled guilty and not been sentenced, and so may withdraw his guilty plea as of right before resentencing, even following the expiration of the term of court in which the void sentence was pronounced. If [Martinez-Chavez's] sentence was void, therefore, he had a right to withdraw his guilty plea.

(Citation omitted.) *Franks v. State*, 323 Ga. App. 813, 813-814 (748 SE2d 291) (2013).

As the State concedes, the trial court erred in denying the motion to withdraw the plea prior to resentencing Martinez-Chavez on the incest count. And, having concluded in Division 1 that the sentence imposed on the remaining counts was likewise void, Martinez-Chavez is entitled to withdraw his plea as to the other five

counts. Accordingly, we vacate the trial court's denial of the motion to withdraw the plea as to all counts and remand the case for further proceedings.[1]

3. Finally, Martinez-Chavez asserts that the trial court failed to timely transfer the record to this Court. However, having received the record and considered his arguments on appeal, we find this enumeration moot.

For the foregoing reasons, we vacate the sentences imposed and the denial of the motion to withdraw the guilty plea, and remand the case for further proceedings consistent with this opinion.

*Judgment vacated and case remanded. Doyle, P. J., and Coomer, J., concur.*

---

[1] Because we remand this issue to the trial court, we do not address Martinez-Chavez's claims that his plea was involuntary.